[No. C037099. Third Dist. Mar. 28, 2002.]

THE PEOPLE, Plaintiff and Appellant, v.
ERIC ROYCE LEONARD, Defendant and Respondent.

## Counsel

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Arnold O. Overoye, Mary Jo Graves, Assistant Attorneys General, Janis Shank McLean and Brian R. Means, Deputy Attorneys General, for Plaintiff and Appellant.

Wesley A. Van Winkle for Defendant and Respondent.

## Opinion

**BLEASE, Acting P. J.**—The People appeal from the denial of their motion to bar the defense from contacting jurors without prior court approval and good cause. We dismiss this appeal as one from a non appealable order because it does not affect the substantial rights of the People. (Pen. Code, § 1238, subd. (a)(5).)

### Factual and Procedural Background

On June 13, 1996, defendant Eric Royce Leonard was convicted and sentenced to death for the murder of six people committed during two

separate robberies.[1] His automatic appeal of the judgment of conviction and sentence of death is currently pending before the California Supreme Court in *People v. Leonard,* S054291.[2]

On September 8, 2000, subsequent to conviction, the People filed a motion in the Sacramento County Superior Court, requesting an order precluding defendant or anyone acting on his behalf, from contacting the jurors who rendered the verdicts in this case without first obtaining court approval and establishing good cause; and in addition or in the alternative, that counsel be required to contact the jurors only through the court; and in addition or in the alternative, that any posttrial questioning of jurors be conducted under the direct supervision and control of the court and with restricted inquiry.

The trial court denied the motion on the ground there was no reason to believe juror privacy or safety was subject to invasion or abuse or that present counsel had a record of such abuse.[3]

The People filed a timely notice of appeal from the denial of their motion.

## DISCUSSION[4]

■    The People's right of appeal in criminal cases is strictly limited to the circumstances specified by statute. (*People v. Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].) Penal Code section 1238 enumerates those circumstances. ■    The People rely on subdivision (a)(5), which authorizes an appeal by the People from "[a]n order made after judgment, affecting the substantial rights of the people."

---

[1]Respondent has moved to augment the record on appeal to include the clerk's and reporter's transcripts in Sacramento County Superior Court No. CR111002, which have been prepared and filed in Supreme Court No. S054291. (Order dated May 30, 2001.) That record is not necessary to this appeal because the parties do not dispute the facts cited in the augmented record. Therefore, in the interests of economy, the motion to augment the record is denied.

[2]As of November 3, 2000, the record in the automatic appeal (S054291) was still in the correction stage.

[3]No investigation into jury misconduct was being conducted, either by appellate counsel, whose appointment precluded him from conducting a jury investigation, or by counsel in a habeas corpus proceeding. In fact, counsel had not yet been appointed to represent defendant in connection with habeas corpus proceedings, and in all probability would not be appointed for several years.

[4]In *Townsel v. Superior Court* (1999) 20 Cal.4th 1084 [86 Cal.Rptr.2d 602, 979 P.2d 963], the court denied a petition for writ of mandate seeking relief from an order of the trial court prohibiting appellate counsel from contacting trial jurors without first obtaining the court's approval. The petition was filed while the automatic appeal was pending. The court held that it had appellate jurisdiction because these proceedings do not alter the judgment currently before the reviewing court. (*Id.* at pp. 1090-1091.)

The question is whether an order after judgment denying the People's request to limit defense contact of trial jurors affects "the substantial rights of the people." The People contend the trial court's order affects their substantial rights because it affects the finality and integrity of the verdict. Respondent contends the order is not appealable because it does not affect the enforcement of the judgment or prevent further prosecution of the case against respondent. We agree with respondent.

"[I]n order to affect the People's substantial rights an order 'must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made.'" (*People v. McGuire* (1993) 14 Cal.App.4th 687, 701 [18 Cal.Rptr.2d 12], quoting *People v. Garcia* (1931) 120 Cal.App. Supp. 767, 770 [7 P.2d 401]; *People v. Superior Court* (1972) 28 Cal.App.3d 600, 621 [104 Cal.Rptr. 876].)

The order denying the People's request for a no-contact order does not affect their substantial rights. Such an order relates to a matter collateral to the underlying criminal case pending on appeal. (*Townsel v. Superior Court, supra,* 20 Cal.4th at pp. 1089-1090.) The People seek an advisory opinion. While the legal issue raised by the People may be of great theoretical importance to them, the order issued by the trial court in this case maintains the status quo. It in no way affects the judgment, its enforcement, nor does it hamper further prosecution. Accordingly, we find the order nonappealable.

## DISPOSITION

This appeal is dismissed as a nonappealable order.

Davis, J., and Callahan, J., concurred.