Filed 4/27/15

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| In re OBIE STEVEN ANTHONY III<br><br><br>on Habeas Corpus. | B256949<br><br>(Los Angeles County<br>Super. Ct. No. BA097736) |


APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge. Appeal dismissed.

Jackie Lacy, District Attorney of Los Angeles County; Phyllis Asayama, Deputy District Attorney; Scott D. Collins, Deputy District Attorney, for Appellant The People.

Northern California Innocence Project, Linda Starr and Paige Kaneb for Respondent Obie Steven Anthony III.


_____

Obie Anthony filed a petition for writ of habeas corpus challenging his 1995 murder conviction. Following a 10-day evidentiary hearing, the trial court granted the petition and Anthony's criminal charges were dismissed. Anthony subsequently filed a claim pursuant to Penal Code section 4900 seeking compensation for his allegedly erroneous conviction and incarceration. At the time he filed his claim, Anthony was required to prove his factual innocence in an administrative hearing before the California Victim Compensation and Government Claims Board. While his claim was pending, the Legislature adopted Penal Code section 1485.55, allowing any person who has prevailed in a habeas proceeding to file a motion in the trial court for a finding of factual innocence, and requiring the board to accept such a finding and approve the section 4900 claim without any further hearing. Anthony filed a motion pursuant to the newly-added statute which the trial granted.

The district attorney appeals, arguing that: (1) applying section 1485.55 to Anthony's compensation claim violates principles of retroactivity; and (2) there is insufficient evidence to support the trial court's finding of factual innocence. We dismiss the appeal for lack of jurisdiction, concluding that the court's order granting Anthony's section 1485.55 motion is not appealable by the People.

## FACTUAL BACKGROUND

### A.     *Summary of Anthony's Habeas Proceedings*

In 1995, a jury found Obie Anthony guilty of murder and other crimes. He was sentenced to life in prison without the possibility of parole. On April 7, 2010, Anthony filed a petition for writ of habeas corpus based on: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) the presentation at trial of materially false evidence; and (4) actual innocence. After issuing an order to show cause, the trial court held a 10-day evidentiary hearing. Anthony and 12 other witnesses testified at the hearing, including the lead detective on his criminal investigation and an individual who had provided eyewitness testimony against him at trial.

2

On September 30, 2011, the trial court issued a 24-page order granting Anthony's habeas petition. The trial court found that Anthony had established "his conviction was based on material false testimony," explaining that the evidence showed the prosecution's "key witness" had "specifically lied to the jury" and subsequently recanted his identification of Anthony. The court also found Anthony had established "there was prosecutorial misconduct at . . . trial because the deputy district attorney did not correct false testimony and . . . suppress[ed] . . . favorable evidence." The court found the district attorney had, among other things: failed to correct the "key witness's" statement that he had not received special treatment in exchange for his testimony; withheld from the defense statements from additional persons who had allegedly witnessed the crime; and failed to inform the defense that a trial witness had "incorrectly picked a 'filler'" the first time he was shown a photographic lineup of suspects.

On the issue of ineffective assistance of counsel, the court concluded that Anthony's attorney committed multiple "errors of omission [that]—taken together—constitute a deficiency of performance that theoretically deprived petitioner of competent representation." The court declined, however, to determine whether there was a reasonable probability that counsel's errors had affected the jury's decision. The court also ruled that Anthony had failed to establish actual innocence. The court noted that, to prevail on such a claim, the petitioner had the "heavy burden" of showing "that newly discovered evidence completely undermine[d] the prosecutions entire case and points unerringly to innocence."

The court concluded: "[T]he petitioner has met his burden in establishing that there were several errors which occurred at his trial in 1994. The combined effect of those errors cannot be ignored. . . . This court firmly believes that had the jury heard the evidence that was omitted or excluded . . ., it likely would have affected the outcome of the trial. For all of these reasons, this Court finds that the petitioner was denied due process of law and was denied a fair trial. Therefore, the petition is granted and the petitioner's conviction is set aside." The court ordered Anthony released and set the matter for a pretrial hearing. The prosecution did not appeal the order. (See Penal Code,

3

§ 1506[1] ["An appeal may be taken to the court of appeal by the people from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant or otherwise granting all or any part of the relief sought"].)

At the ensuing pretrial hearing, held November 11, 2011, the district attorney informed the court the People were unable to proceed. The court dismissed the criminal proceedings pursuant to section 1382, subdivision (a)(2).

### B. Anthony's Section 4900 Claim and the Intervening Change in Law

In 2013, Anthony filed a section 4900 claim with the Victim Compensation and Government Claims Board (the board) seeking compensation for his allegedly erroneous conviction and imprisonment. (See *Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1179 (*Tennison*) [section 4900 "accords relief to any person who, 'having been convicted of any crime . . . amounting to a felony, and having been imprisoned therefore in State prison,' can demonstrate [his or her factual innocence]"].) Under the statutory framework then in effect, a claimant seeking relief under section 4900 was required "to introduce evidence" establishing three elements: (1) "the crime with which he or she was charged was either not committed at all, or, if committed, was not committed by him or her"; (2) "he or she did not, by any act or omission on his or her part, either intentionally or negligently, contribute to the bringing about of his or her arrest or conviction for the crime with which he or she was charged"; and (3) "the pecuniary injury sustained by him or her through his or her erroneous conviction and imprisonment." (Former § 4903; see also *Tennison, supra,* 152 Cal.App.4th at p. 1182.) The Attorney General was permitted to introduce evidence in opposition to the claim. (Former § 4903.)

If the board found the claimant had proved his or her claim by a preponderance of the evidence, it was required to issue a report to the Legislature recommending that an appropriation be made for the purpose of indemnifying the claimant in the sum of $100 per day of incarceration. (See former § 4904; *Diola* v. *State Board of Control* (1982) 135

---

[1]     Unless otherwise noted, all further statutory citations are to the Penal Code.

4

Cal.App.3d 580, 588, fn. 7 (*Diola*) ["To prevail claimant must carry the burden of proof of innocence by a preponderance of the evidence"].)  The board's administrative decision was subject to writ review under Code of Civil Procedure section 1094.5.  (See *Tennison, supra,* 152 Cal.App.4th at p. 1180.)

While Anthony's claim was pending before the board, the Legislature adopted a bill to amend the procedures governing section 4900 claims.  (See Stats. 2013, ch. 800, (S.B. 618).)  The bill added Penal Code section 1485.55, which sets forth circumstances under which the trial court, rather than the board, is responsible for determining whether the claimant has established factual innocence.  Section 1485.55, subdivision (a) provides that if a court grants a writ of habeas corpus on the basis of actual innocence, "that finding shall be binding on the [board] . . ., and upon application by the person, the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid . . . ."

Subdivision (b) provides that if a court grants a writ of habeas corpus on grounds other than actual innocence, "the petitioner may move for a finding of innocence by a preponderance of the evidence that the crime with which he or she was charged was either not committed at all or, if committed, was not committed by him or her."  If the court makes such a finding, "the board shall, without a hearing, recommend to the Legislature that an appropriation be made and the claim paid . . . ." (§ 1485.55, subd. (d).)

The newly-adopted bill also amended portions of section 4900 *et seq*.  Amended section 4902 now requires that, in cases where section 1485.55 applies, the Board must calculate the claimant's compensation and issue a recommendation to the Legislature "within 30 days of the presentation of the claim."  Amended section 4903 provides that, for claims not subject to section 1485.55, the claimant is only required to prove two elements:  that "the crime with which he or she was charged was either not committed at all, or, if committed, was not committed by him or her" and "the pecuniary injury sustained by him or her through his or her erroneous conviction and imprisonment."  Amended section 4903 further provides that in any hearing before the Board, "the factual findings and credibility determinations establishing the court's basis for granting a writ of

5

habeas corpus . . . shall be binding on the Attorney General, the factfinder and the board." (§ 4903, subd. (c).)

### C. *Anthony's Section 1485.55 Motion*

On February 4, 2014, Anthony filed a motion for finding of factual innocence pursuant to section 1485.55, subdivision (b). The motion was predicated on the evidence Anthony had presented during his habeas proceeding and the findings of fact and conclusions of law set forth in the trial court's order granting him relief. The district attorney opposed the motion, arguing that newly-adopted section 1485.55 did not apply retroactively to cases in which the underlying writ of habeas corpus had been issued before the statute was passed. Alternatively, the district attorney argued that Anthony had failed to prove by a preponderance of the evidence that he did not commit the crimes of which he was convicted.

The trial court rejected both arguments. The court found that retroactivity was "not an issue" because Anthony's section 4900 claim was pending before the Board when section 1485.55 became effective. On the question of factual innocence, the court explained that the preponderance of the evidence standard set forth in section 1485.55, subdivision (b) was a significantly lower than the "high" burden Anthony had faced in attempting to establish actual innocence at the habeas proceeding. Relying on its prior findings of fact and conclusions of law, the court listed three factors in support of its finding that Anthony was factually innocent under the preponderance standard. First, the court found Anthony's testimony at the evidentiary hearing to be "credible," noting that "[h]is alibi and his claim that he wasn't there and didn't know anything about [the crime] ha[d] been consistent" throughout the case. Second, the court found the evidence at the habeas proceeding demonstrated the prosecution's primary trial witness "ha[d] no credibility." Third, the court emphasized "there was not one piece of physical evidence . . . that connects [Anthony] to the case. . . . And . . . there is nothing that corroborates the eye witness identification, even today."

6

On May 30, 2014, the court entered an order granting Anthony's motion for finding of factual innocence. The district attorney appealed the order.

## DISCUSSION

The district attorney raises two arguments on appeal. First, she contends the trial court erred in concluding that "section 1485.55, subdivision (b) . . . appl[ies] to cases where the grant of habeas relief occurred before the statute took effect." Second, the district attorney argues that the court "erred in granting the motion because the record—taken as a whole—does not demonstrate that [Anthony] is factually innocent of the crimes charged." Anthony, however, argues that the district attorney has no authority to appeal an order issued pursuant to section 1485.55. We agree that the order is not appealable.

"The prosecution's right to appeal in a criminal case is strictly limited by statute. [Citation.] Long standing authority requires adherence to these limits even though the 'the People may thereby suffer a wrong without a remedy.' [Citation.] The circumstances allowing a People's appeal are enumerated in section 1238." (*People v. Chacon* (2007) 40 Cal.4th 558, 564; see also *People v. Drake* (1977) 19 Cal.3d 749, 754 ["'The Legislature has determined that except under certain limited circumstances the People shall have no right of appeal in criminal cases' [citation]. Those circumstances are enumerated in section 1238"].) "'[C]ourts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature.' [Citation.]" (*People v. McGuire* (1993) 14 Cal.App.4th 687, 700 (*McGuire*).)

The statement of appealability set forth in the district attorney's opening appellate brief [2] asserts that the order is appealable under section 1238, subdivision (a)(5), which

---

[2] The California Rules of Court require the appellant's opening brief to include a statement that "the judgment appealed from is final, or explain why the order appealed from is appealable." (California Rules of Court, Rule 8.204, subd. (a)(2)(B); see also Rule 8.360, subd. (a) ["briefs in criminal appeals must comply as nearly as possible with rules 8.200 and 8.204"].)

7

authorizes the People to appeal from "[a]n order made after judgment, affecting the substantial rights of the people." "'To affect the People's substantial rights[,] an order "must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made."' [Citation.]"**3** (*People v. Leonard* (2002) 97 Cal.App.4th 1297, 1300 (*Leonard*); *McGuire, supra*, 14 Cal.App.4th at p. 700; *People v. Benavides* (2002) 99 Cal.App.4th 100, 104 (*Benavides*); *People v. Garcia* (1931) 120 Cal.App.Supp. 767, 770 (*Garcia*).)

Applying this standard, our courts have generally held that subdivision (a)(5) authorizes the People to appeal orders that affect the defendant's sentence or the timing of his or her release. (See *People v. Perez* (1979) 23 Cal.3d 545, 549, fn. 2 [order staying sentence pursuant to section 654]; *People v. Warner* (1978) 20 Cal.3d 678, 681-682, superseded by statue on other grounds as stated in *People v. Douglas* (1999) 20 Cal.4th 85, 92 fn. 6 [order granting probation]; *People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 987-988 [order finding defendant eligible to be resentenced under newly-adopted three strikes sentencing scheme]; *People v. Lo* (1996) 42 Cal.App.4th 189, 196 [order "refusing to resentence" defendant after Youthful Offenders Parole Board found him inappropriate candidate for treatment by the California Youth Authority]; *McGuire, supra*, 14 Cal.App.4th at p. 700 [order granting bail pending appeal]; *People v. Minjarez* (1980) 102 Cal.App.3d 309, 311-312 [order erroneously granting a defendant custody credits against his or her prison sentence]; *Daudert v. People* (1979) 94 Cal.App.3d 580, 582-585 [appeal of order granting certificate of rehabilitation issued to a defendant before the period of rehabilitation required by law had been completed].) The subdivision has also been found to authorize the appeal of orders that do not directly

---

**3** The parties' appellate briefs do not address whether the trial court's section 1485.55 order, issued after Anthony's criminal judgment was vacated in the habeas proceedings and his criminal charges dismissed, qualifies as an order "made after judgment" within the meaning of section 1238, subdivision (a)(5). Instead, their briefs address only whether the order affected a substantial right of the People. For the purposes of this appeal, we will assume without deciding that the order is one "made after judgment."

affect a criminal judgment, but impact the prosecution's ability to carry out "their prosecutorial duties in the future." (*Benavides, supra*, 99 Cal.App.4th at p. 106.)

The subdivision is inapplicable to orders that "relate[] to a matter collateral to the underlying criminal case." (*Leonard, supra*, 97 Cal.App.4th at p. 1300.) For example, in *Leonard, supra*, 97 Cal.App.4th 1297, the People appealed the denial of a post-conviction motion seeking to bar the defendant from contacting jurors "without first obtaining court approval and establishing good cause." (*Id*. at p. 1299.) The defendant asserted that the order was "not appealable because it d[id] not affect the enforcement of the judgment or prevent further prosecution of the case against respondent." (*Id*. at p. 1300.) The appellate court agreed, explaining: "The order denying the People's request for a no-contact order does not affect their substantial rights. Such an order relates to a matter collateral to the underlying criminal case. . . . While the legal issue raised by the People may be of great theoretical importance to them, the order issued by the trial court . . . in no way affects the judgment, its enforcement, nor does it hamper further prosecution. Accordingly, we find the order nonappealable." (*Ibid*.; see also *Benavides, supra*, 99 Cal.App.4th 100 [agreeing with *Leonard's* conclusion that a post-conviction order denying the People's request for a no-contact order is not appealable under subdivision (a)(5)].)

In *Garcia, supra*, 120 Cal.App.Supp. 767, the appellate department of the superior court ruled that an order entered after an acquittal requiring the police department to return the defendant's property was not appealable under subdivision (a)(5). The court explained: "[To affect the substantial rights of the People, the order] must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made. [Citation.] The order complained of here is not of that character. . . . [A] proceeding by the owner to recover possession of property unlawfully seized is independent of the criminal proceeding in which [the property] is sought to [be] use[d] . . . as evidence. . . . [W]e cannot see how a ruling made after judgment on . . . a motion [to recover unlawfully seized property] can affect the substantial rights of the

9

People in the criminal action, or be regarded as an order made in the course of such action." (*Id.* at p. 770.)

In this case, the district attorney effectively concedes that the challenged order has had no impact on Anthony's underlying criminal judgment. In 2011, the trial court issued a writ of habeas corpus that "vacated and set aside" his conviction. The People did not appeal that order (see § 1506 [authorizing the People to appeal a grant of habeas relief]) and elected not to retry Anthony.[4] The criminal charges against Anthony were thereafter dismissed on November 18, 2011. (See § 1237, subd. (a)(2).) Thus, as the district attorney explained at the section 1485.55 hearing, "as of November . . . 2011, the criminal case ceased to exist. [¶] . . . [¶] [Anthony's] rights under the Penal Code have already been fully adjudicated and that adjudication is complete, at least in this proceeding and has been for over two years." Given these facts, it is clear that the section 1485.55 order has had no effect on Anthony's criminal judgment, which was vacated years before the order was issued.

Nor has the district attorney identified any way in which the section 1485.55 order might hamper its ability to prosecute this or any other criminal matter in the future. In its reply brief, the district attorney states that while the section 1485.55 order "may (potentially) affect further prosecution," that issue is "not addressed by this appeal and is therefore not explored further." We treat this statement as a concession that the district attorney has elected to forego any argument related to the order's potential effects on a future prosecution.

Although the court's order has had no identifiable effect on Anthony's now-vacated judgment or his future prosecution, the district attorney argues that the order is appealable under subdivision (a)(5) because it "eliminates the People's right to a contested hearing pursuant to section 4900 . . . before the [board]." As stated in the district attorney's reply brief, the section 1485.55 order "triggered [Anthony's] right to

---

[4]     Because this proceeding took place after the time to appeal the habeas corpus ruling had expired, we express no opinion as to whether an appeal challenging both the habeas and the finding of actual innocence would lie.

directly receive compensation under section 4903 without an administrative hearing, and therefore the ruling affects a substantial right of the People."

Contrary to the district attorney's suggestion, the trial court's order did not eliminate the People's right to a hearing on the question of Anthony's factual innocence. The People litigated that issue at length during the habeas proceedings. They had a second opportunity to address the issue under the preponderance standard at Anthony's section 1485.55 motion hearing. During that hearing, Anthony was required to prove his claim of factual innocence under the same burden of persuasion that would have been applicable at a hearing before the board. (See § 1485.55, subds. (b) & (d); *Diola, supra,* 135 Cal.App.3d at p. 588, fn. 7 ["To prevail [in a hearing before the board, the] claimant must carry the burden of proof of innocence by a preponderance of the evidence"].) The trial court's order therefore did not operate in a manner that denied the district attorney a hearing on the issue of factual innocence. Instead, the order merely provided the district attorney a different venue and trier of fact for the hearing: the trial court rather than the board. The district attorney has pointed to no authority suggesting the People have any right (substantial or otherwise) to have the board, rather than the trial court, determine the question of Anthony's factual innocence.

As in *Leonard* and *Garcia,* the order at issue here relates solely "to a matter collateral to the underlying criminal case." (*Leonard, supra*, 97 Cal.App.4th at p. 1300.) Specifically, the order makes a factual finding that facilitates Anthony's ability to obtain compensation for his erroneous judgment of conviction, which was set aside years ago. Because the order neither affects the underlying judgment nor has any effect on the prosecution's ability to carry out its functions, it is not appealable under section 1238, subdivision (a)(5).[5]

---

[5] The district attorney's reply brief contains a single sentence asserting that the "instant case is additionally appealable under [section 1238, subdivision (a)(8)] as well." The conclusory assertion is not accompanied by any legal analysis explaining why the order is actually appealable under subdivision (a)(8). Accordingly, we need not address the issue. (See, e.g., *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 [treating contentions not supported by "cogent legal argument or citation of authority" as

11

Our conclusion that a section 1485.55 order is not appealable by the People is underlined by section 851.8, which specifically authorizes the People to appeal a finding of factual innocence in a different context. Section 851.8 allows a person who is arrested of a crime for which he or she is never convicted to file a petition for a judicial determination of factual innocence. If the court finds the "arrestee factually innocent" it must order the relevant law enforcement agencies to seal the arrest records for three years and then destroy them. (See § 851.8, subds. (b), (c) & (d).) Subdivision (p) of the statute specifically provides that any such ruling is appealable. (See *People v. Adair* (2003) 29 Cal.4th 895, 904 [trial court's finding of factual innocence under section 851.8 is appealable pursuant to subdivision (p)].) In its opening appellate brief, the district attorney acknowledges that "in both its construction and its intent, section 851.8 is similar to new section 1485.55." However, the prosecution overlooks a key difference between the statutes: one authorizes an appeal and the other does not. Given the related subject matter of the two statutes, we agree with Anthony that the presence of an appeal provision in section 851.8 and the absence of any such provision in section 1485.55 indicates that the Legislature did not intend orders issued under section 1485.55 to be appealable. (See *People v. Arriaga* (2014) 58 Cal.4th 950, 960 ["It is a settled principle of statutory interpretation that if a statute contains a provision regarding one subject, that

waived]; *Crowley Maritime Corp. v. Boston Old Colony Ins. Co.* (2008) 158 Cal.App.4th 1061, 1072 [points raised for first time in reply brief will generally not be considered]; *Newell v. Brawner* (1956) 140 Cal.App.2d 523, 527 ["As a rule, points raised for the first time in a reply brief need not be considered by the court and in view of the inadequate presentation of the point we are not inclined to depart from the rule"].) Even if the district attorney had properly raised the argument, subdivision (a)(8) does not apply here. The subdivision authorizes the People to appeal "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy." The court's order finding that Anthony had proved his factual innocence by a preponderance of the evidence did not dismiss or terminate any portion of his criminal case, which had been dismissed long before he ever filed his compensation claim.

provision's omission in the same or another statute regarding a related subject is evidence of a different legislative intent"].)

The district attorney alternatively contends that even if the order is not appealable under any provision of section 1238, we may nonetheless review portions of the trial court's order pursuant to section 1235, which states: "(a) Either party to a felony case may appeal on questions of law alone, as prescribed in this title and in rules adopted by the Judicial Council . . . (b) An appeal from the judgment or appealable order in a felony case is to the court of appeal for the district in which the court from which the appeal is taken is located." The district attorney asserts that subdivision (a) of section 1235 permits either party to a criminal proceeding to appeal any order involving a "question of law." It further contends that whether section 1485.55 applies retroactively to Anthony's case is a "pure question of law" and therefore appealable under section 1235, subdivision (a).

This argument misconstrues the meaning of section 1235. The statute does not purport to describe the types of judgments or orders that parties to a criminal proceeding may appeal. It merely serves to clarify that "[a]ppeals . . . in criminal cases do not lie from the verdict of a jury or from the finding of a judge upon controverted questions of fact." (*People v. Pastrana* (1955) 136 Cal.App.2d 358, 359-360.) In other words, section 1235 describes the type of issues the parties may raise in an appeal from an appealable order. Section 1238, on the other hand, describes the categories of orders that are actually appealable by the People. (*Chacon, supra*, 40 Cal.4th at p. 564 ["The circumstances allowing a People's appeal are enumerated in section 1238"]; *Drake, supra*, 19 Cal.3d at p. 754.)

Because the district attorney has failed to identify any statute that authorizes an appeal of the trial court's order, we dismiss the appeal for lack of jurisdiction.[6]

---

[6] The district attorney has not requested that we treat the People's appeal as a petition for an extraordinary writ of mandate. Accordingly, we express no opinion whether the issues raised in this appeal would be reviewable in a writ proceeding. (See

**DISPOSITION**

The appeal is dismissed.

ZELON, J.

We concur:

PERLUSS, P. J.

FEUER, J.[*]

---

generally *People v. Superior Court (Stanley)* (1979) 24 Cal.3d 622, 625-626 ["If the prosecution has not been granted by statute a right to appeal, review of any alleged error may be sought by a petition for writ of mandate only when a trial court has acted in excess of its jurisdiction and the need for such review outweighs the risk of harassment of the accused"].)

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.