Filed 2/10/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093270 |
| Plaintiff and Appellant, | (Super. Ct. No. 04F11184) |
| v. | |
| DANNY HAMPTON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael P. Kenny, Judge. Affirmed.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Eric L. Christoffersen, Supervising Deputy Attorney General, Christopher J. Rench, Deputy Attorney General, for Plaintiff and Appellant.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Respondent.

A jury found defendant Danny Hampton guilty of first degree murder and two counts of robbery. The trial court sentenced defendant to an aggregate term of 33 years to life. This court affirmed the judgment. (*People v. Hampton* (Dec. 29, 2009, C056867)

1

[nonpub. opn.] (*Hampton*).)[1] The jury could not reach a verdict on the robbery-murder special-circumstance allegation, and that allegation was dismissed on the People's motion for insufficient evidence.

Defendant filed a petition for resentencing under Penal Code[2] section 1170.95 and requested appointment of counsel. The trial court granted the petition finding the dismissal of the special-circumstance allegation for insufficient evidence was equivalent to an acquittal. The People appeal contending the dismissal of the special-circumstance allegation was not an acquittal. We affirm the order granting the petition for resentencing.

BACKGROUND

A

*Relevant Facts Underlying Conviction*

Defendant and three of his friends planned a robbery of defendant's marijuana dealer, Larry Elliott. Defendant did not want to participate in the robbery, but the codefendants told him he had no choice. The plan included defendant setting up a pretextual drug buy to determine how much marijuana Elliott had at his home. Defendant and codefendant Camitt Doughton went to Elliott's house and were there for about eight minutes, smoking marijuana and listening to music with Elliott and his two guests. Then, codefendants Edward Quintanilla and Deandre Scott burst into the garage, wearing masks, all black clothing, and armed with firearms. They ordered everyone onto the ground and pistol-whipped Elliott. Defendant pleaded with the codefendants to stop assaulting the victims and tried to reassure the victims they were safe. Quintanilla and Scott went into the home and searched for things to steal. Defendant remained in the

---

[1] We granted defendant's request to incorporate by reference the records in defendant's prior appeal. (*Hampton*, *supra*, C056879.)

[2] Undesignated section references are to the Penal Code.

2

garage. He was not armed. When Scott came back into the garage from the house, he had a shotgun and an assault rifle. Quintanilla and Scott ordered defendant to take a bucket containing marijuana and leave the garage. Defendant did. As he was running from the scene, he heard a gunshot. Doughton had shot Elliott in the back of the head. When defendant met back up with codefendants, he received some of the marijuana, Quintalla and Scott kept the money and guns. (*Hampton*, *supra*, C056867.)

There was also evidence that defendant knew his codefendants planned to be armed, had handled one of the guns earlier on the day of the robbery, and that one of his codefendants indicated a willingness to shoot the victims, if necessary.

B

*Relevant Procedural Background Original Trial*

At close of evidence, defendant made a motion to dismiss the special-circumstance allegation under section 1118.1, contending there was insufficient evidence he acted with reckless indifference to life. The trial court denied the motion stating: "[T]he evidence presents that [defendant] was involved in a discussion with his confederates and that guns were essentially brought out during that discussion, and that [defendant] actually handled one of those guns in advance of going to Mr. Elliott's home, and further discussion was that they may not leave any witnesses, there is at least a pretty strong implication from those set of facts that, in fact, the person is acting in reckless disregard."

On the second day of deliberations, the jury indicated it had reached a verdict, except as to the special-circumstance allegation. The court provided additional instruction and allowed counsel to conduct additional argument focused on the issue the jury had indicated it was divided on. After additional deliberation, the jury remained unable to reach a verdict. They were split six to six. The court declared a mistrial as to the special-circumstance allegation. The court asked the prosecutor what he wanted to do regarding the allegation and the prosecutor requested the issue be put over to the time of sentencing.

3

The jury found defendant guilty of first degree murder and two counts of robbery. The trial court sentenced defendant to a term of 25 years to life for the murder, plus one year for the firearm enhancement, a consecutive midterm of six years on one robbery conviction, plus one year for each firearm enhancement, and an identical term on the other robbery conviction stayed under section 654, for an aggregate term of 25 years to life plus eight years. He was granted 1,008 days of credit for time served.

After sentencing, the People stated: "With respect to the special circumstances charge that the Court had declared a mistrial on . . . the People would move to dismiss that for insufficient evidence." The trial court responded: "All right. The special circumstance charge will be dismissed for insufficient evidence."

C

*Section 1170.95 Petition*

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court reviewed the section 1170.95 petition, found defendant had made a prima facie case, and set an order-to-show-cause hearing. The court requested briefing explicitly addressing the effect of the trial court's order dismissing the special-circumstance allegation upon the jury's inability to reach a verdict and at the request of the People.

Defendant argued the dismissal of the special-circumstance allegation for insufficient evidence on the People's motion barred any relitigation of the issue as a violation of double jeopardy. Defendant also argued "the prosecution concluded, as a matter of law, that there was insufficient evidence to sustain the special circumstance allegation. They cannot now reverse course and assert the opposite."

The People argued given the prior denial of the section 1118.1 motion, and the record as a whole, it was clear neither the People nor the court considered the record in the light most favorable to the People and concluded that no reasonable jury could find defendant was a major participant acting with reckless indifference. Thus, the dismissal was not an acquittal. The People also asserted when the prosecutor moved to have the

4

allegation dismissed he "was not claiming that the evidence was legally insufficient to prove the special circumstances allegation. Rather, the prosecutor was simply dismissing the special circumstance so that the jury's first degree verdict could stand. Whether the evidence could be legally sufficient to meet the People's burden was not actually litigated to decision, thus it is incorrect to state as a matter of law the evidence was insufficient."

In ruling on the section 1170.95 petition, the court considered the murder-robbery jury instructions given and the People's motion to dismiss the special-circumstance allegation for insufficient evidence. The court concluded "that the dismissal of that special circumstance for insufficient evidence is equivalent to a finding that the defendant did not act with reckless indifference. Consequently the People have failed to carry their burden of proving ineligibility." The court then proceeded to resentencing, vacated the murder conviction, and lifted the stays on the robbery convictions, leaving a sentence of seven years.

DISCUSSION

I

*General Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2 & 3.) It also added section 1170.95, which provides a procedure by which those convicted of murder premised on either a felony murder or natural and probable consequences theory can petition for retroactive relief, if the changes in the law would affect their previously sustained convictions; that is, if "[t]he petitioner could not be convicted of first or second

5

degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Stats. 2018, ch. 1015, § 4; § 1170.95, subd. (a).)

If the defendant makes a prima facie showing of eligibility for relief (§ 1170.95, subds. (b) & (c)), the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the defendant on any remaining counts (§ 1170.95, subd. (d)(1)). At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

As relevant here, since there is no dispute defendant was not the actual killer and did not act with intent to kill, to now be convicted of murder the prosecution was required to prove defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 15, § 3.) If there was a prior finding by a court or jury that defendant did *not* act with reckless indifference to human life or was not a major participant in the felony the court was required to vacate the conviction and resentence defendant. (§ 1170.95, subd. (d)(2).)

## II

### *Appealability*

As a threshold issue, defendant contends the order granting the petition is not an order the People are statutorily entitled to appeal.[3] The People contend this order is

---

**3** Also under the heading of appealability, defendant argues the appeal violates double jeopardy because the dismissal for insufficient evidence was an acquittal. That argument relies on the resolution of whether the dismissal was an acquittal, the substantive issue raised in the People's appeal. Accordingly, we will reach the merits of that claim.

appealable under section 1238, subdivision (a)(5) as an order after judgment affecting the People's substantial rights.

"The People's right to appeal is statutory, and appeals that do not fall within the exact statutory language are prohibited." (*People v. Salgado* (2001) 88 Cal.App.4th 5, 11.) The statutory circumstances permitting a People's appeal are specified in section 1238. (*People v. Chacon* (2007) 40 Cal.4th 558, 564.) Section 1238, subdivision (a)(5) permits a People's appeal from "[a]n order made after judgment, affecting the substantial rights of the people." An order after judgment affecting the substantial rights of the People is generally one that affects the judgment or its enforcement, alters the defendant's status, or hampers the prosecution's ability to carry out future prosecutorial duties. (*People v. Benavides* (2002) 99 Cal.App.4th 100, 105-106.) Such cases include orders that affect the defendant's sentence or the timing of his release. (*In re Anthony* (2015) 236 Cal.App.4th 204, 211-212; *People v. Douglas* (1999) 20 Cal.4th 85, 88 [reducing a felony to a misdemeanor]; *People v. Minjarez* (1980) 102 Cal.App.3d 309, 311-312 [order erroneously granting a defendant credits against his or her prison sentence]; *People v. Maggio* (1929) 96 Cal.App. 409, 410-411 [reducing a judgment of imprisonment to a fine].)

The resentencing scheme of section 1170.95 is analogous to the provisions of Proposition 36, the Three Strikes Reform Act of 2012, which "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 984.) Under both resentencing schemes, after a multi-step process that includes a hearing on the petition, the trial court determines if the defendant is eligible for relief under the act and, if so, sets the matter for resentencing. (*Id.* at p. 986;

*People v. Lewis* (2021) 11 Cal.5th 952, 960; § 1170.95, subds. (c) & (d)(3).) That is, there is an initial determination of eligibility for relief and a separate resentencing decision. Under both statutory schemes, an initial eligibility determination affects whether the trial court will exercise resentencing discretion. This initial determination is not "an idle exercise as far as the People are concerned" as such a determination shifts the burden to the prosecution to establish defendant could still be convicted of murder; and, if the prosecution does not carry its burden, resentencing necessarily follows "Thus, an initial finding of eligibility affects enforcement of the judgment (in which the People clearly have a substantial interest), and it affects the inmate's status with relation to the judgment already imposed." (*Martinez*, at p. 987.)

Given the analogous processes, we conclude the *Martinez* court's analysis applies in the current situation and the People may appeal the trial court's determination that defendant is entitled to relief. The order was indisputably made "after judgment"; judgment was imposed in defendant's case when he was originally sentenced. It also affects the People's substantial rights in that it determines whether the trial court will exercise its powers to recall the previous judgment and resentence defendant. (*People v. Benavides*, *supra*, 99 Cal.App.4th at p. 105.) Ultimately, the order resulted in a substantial modification of the original judgment. (*People v. Gilbert* (1944) 25 Cal.2d 422, 444 [order is "obviously" appealable when its effect is "to modify substantially the judgments originally entered"].) Thus, the trial court's order determining defendant is entitled to relief qualifies as "[a]n order made after judgment, affecting the substantial rights of the people," and is appealable under section 1238, subdivision (a)(5).

We are not persuaded by defendant's argument, relying on *People v. Rivera* (1984) 157 Cal.App.3d 494, that the court did not issue an order, but rather entered a new judgment that is not appealable as an order after judgment. The statutory resentencing scheme at issue in *Rivera*, under former section 1170, subdivision (f)(1), did not require a multi-step process in the trial court, including an initial finding of eligibility. Rather, in

8

*Rivera*, the initial determination of eligibility for resentencing was made by the Board of Prison Terms referring a case back to the trial court because the sentence imposed was "disparate in comparison with the sentences imposed in similar cases." (*Rivera*, at p. 496, fn. 1.) Upon receiving that referral from the Board of Prison Terms, the trial court "scheduled a hearing, recalled the previously ordered sentence and commitment order, and resentenced" the defendant. (*Id.* at p. 496.) Importantly, there was no order of the trial court prior to the resentencing; rather, as required by the statute, the court simply recalled the initial sentence and resentenced defendant. The sentence imposed at the resentencing thus became the judgment. (*Id.* at p. 497.) That is, the appeal was, in effect, an appeal from the judgment, not from an order after judgment and as such, was not permitted under section 1238, subdivision (a)(5). (*Rivera*, at p. 497.)

Moreover, in *Rivera*, the substance of the appeal was directed at the resentencing decision; that is, the new judgment itself. Specifically, the appeal challenged whether a portion of the sentence should run consecutively rather than concurrently. (*People v. Rivera*, *supra*, 157 Cal.App.3d at p. 495.) Here, on the other hand, the People challenge the trial court's conclusion that the dismissal for insufficient evidence acted as an acquittal, a decision that then required the court to vacate the murder conviction and resentence defendant. Thus, the People in this instance are challenging an order made after judgment, rather than the new judgment itself. Thus, we conclude the trial court's order finding defendant entitled to relief under section 1170.95 is appealable under section 1238, subdivision (a)(5).[4]

---

[4]     Because we determine section 1238, subdivision (a)(5) applies, we need not consider the parties' arguments as to subdivision (a)(6).

### III

*Dismissal For Insufficient Evidence*

The People contend the record here does not clearly indicate that the dismissal was based on insufficient evidence. Specifically, they argue the use of the language "insufficient evidence," without more, does not clearly reflect that the court applied the substantial evidence test. Defendant claims the People are estopped from raising the issue. Defendant also argues the record is unambiguous and the dismissal served as an acquittal.

### A

*Procedural Bar -- Judicial Estoppel, Invited Error, And Forfeiture*

Defendant argues if the original trial court erred in dismissing the matter for insufficient evidence, the People cannot challenge that ruling under principles of judicial estoppel, invited error, or forfeiture. Since these claims raise procedural bars that, if applicable, would obviate the need to address the merits, we consider them first and conclude none apply.

Judicial estoppel is intended to protect the integrity of the judicial process, by preventing a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or an earlier proceeding. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 181.) With respect to judicial estoppel, initially it is unclear whether the doctrine can be applied to the prosecution, but in any event, the People's "earlier concession of a legal point does not constitute the successful assertion of a position." (*People v. Suff* (2014) 58 Cal.4th 1013, 1061, fn. 12.) In addition, the doctrine of judicial estoppel cannot be invoked where the first position was taken as a result of ignorance or a good faith mistake (*Jackson,* at pp. 181-182), rather than as part of a scheme to mislead the court, an intentional wrongdoing (*Levin v. Ligon* (2006) 140 Cal.App.4th 1456, 1484).

"The doctrine of invited error is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his behest. If defense counsel intentionally caused the trial court to err, the appellant cannot be heard to complain on appeal." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) Again, assuming this doctrine also applies to the prosecution, under the doctrine, it must be clear that counsel intentionally caused the trial court to err, and that counsel acted for tactical reasons and not out of ignorance or mistake. (*Ibid.*)

In moving for dismissal on the grounds of insufficient evidence, the prosecutor conceded a legal point; that concession is not the same as an assertion of a position. Nothing in the record suggests there was any intent on the prosecutor's part to make the concession as part of a scheme to mislead the court to gain an unfair advantage or to deliberately induce the court to err for tactical reasons. Nor is there any indication in the record that the prosecution's motion to dismiss for insufficient evidence was not the result of mistake in offering that as the reason for the dismissal or ignorance that dismissal on that basis would effectively act as an acquittal. Defendant does not claim otherwise. Accordingly, although this motion was granted in the language of the People's motion, we cannot rely on the doctrines of judicial estoppel or invited error, to resolve this claim.

Nor does forfeiture bar the People's claim. Forfeiture is the failure to make a timely assertion of a right. (*United States v. Olano* (1993) 507 U.S. 725, 733.) When the legal effect of the dismissal became an issue in dispute, the People timely raised their objection to the conclusion the dismissal was the equivalent of an acquittal. That argument preserved this issue for appeal.

B

*Dismissal*

Section 1385 dismissals should not be construed as an acquittal for legal insufficiency unless the record clearly indicates the trial court applied the substantial

evidence standard. (*People v. Hatch* (2000) 22 Cal.4th 260, 271, 273 (*Hatch*).) There are no "magic words" the court must use to demonstrate it has applied the substantial evidence standard, and the court need not restate the substantial evidence standard. (*Ibid.*) But, the record must make it clear for the reviewing court that the trial court viewed the evidence in the light most favorable to the prosecution and found that no reasonable trier of fact could convict. (*Ibid.*) Whatever label the ruling is given, the appellate court " 'must determine if the ruling actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' ([*United States v. Martin Linen Supply Co.* (1977) 430 U.S. 564, 571].)" (*Id.* at p. 270.)

"Insufficient evidence" is a term of art and -- absent a contrary indication -- means the evidence was insufficient to support a conviction as a matter of law. (*Hatch*, *supra*, 22 Cal.4th at p. 276; *Mannes v. Gillespie* (9th Cir. 1992) 967 F.2d 1310, 1315 (*Mannes*).) If the jury has not been able to reach a verdict and the trial court rules the evidence is insufficient as a matter of law to sustain a conviction, the ruling bars retrial even if the ruling is patently erroneous or the court has no statutory authority to make it. (*Hatch*, at pp. 270-271; see *Sanabria v. United States* (1978) 437 U.S. 54, 75 [there is no exception permitting retrial once the defendant has been acquitted, no matter if the acquittal is egregiously erroneous.].)

We note, we are not called on here to determine whether the trial court *correctly* dismissed the case for insufficient evidence, because even when a case is wrongly dismissed for insufficient evidence, that dismissal will act as an acquittal. (*Hatch*, *supra*, 22 Cal.4th at pp. 270-271, and cases cited therein.) Thus, we are only required to determine if the dismissal was, in fact, a determination that there was insufficient evidence as a matter of law to sustain a true finding on the enhancement.

In *Hatch,* following a jury deadlock, the court declared a mistrial. (*Hatch*, *supra,* 22 Cal.4th at p. 266.) Following argument from the parties, the trial court dismissed the case in the interest of justice, because it concluded no reasonable jury would find the

defendant guilty. (*Ibid.*) The court did not state it was dismissing the case for insufficient evidence. Our Supreme Court noted while a court is allowed to dismiss for insufficient evidence under section 1385, it usually does not. Because such dismissals are not usually based on insufficiency of the evidence as a matter of law, and the trial court had not stated that as the grounds for the dismissal, the Supreme Court concluded the record must show the court intended to dismiss for insufficiency. (*Hatch*, at pp. 273-274.)

Although there are no "magic words" the court must use, we have not found, and the People have not cited, any authority where the trial court has used the language "insufficient evidence" in its dismissal and the dismissal was not found to be the equivalent of an acquittal. (See *People v. Salgado*, *supra*, 88 Cal.App.4th at p. 10 [trial court stated insufficient evidence was as a matter of law to show the defendant aided and abetted carjacking]; *People v. Pedroza* (2014) 231 Cal.App.4th 635, 642 [trial court stated there was insufficient corroboration of accomplice testimony as a matter of law, and retrial barred by double jeopardy]; *Mannes*, *supra,* 967 F.2d at p. 1314 [trial court stated there was insufficient evidence for implied malice or conscious disregard and no likelihood retrial would result in unanimous verdict].)

The trial court and the prosecutor each explicitly stated the matter was being dismissed for "insufficient evidence." While the prosecutor may have mistakenly offered that as the basis for the dismissal or been unaware that such a dismissal would be the equivalent of an acquittal, we cannot presume both the prosecutor and the trial court intended the dismissal to be on some other, unmentioned, grounds. The People offer various speculative reasons as to what the prosecutor might have meant when he used the language "insufficient evidence." We will not engage in this speculation to suppose the prosecutor meant something other than what he said. Moreover, none of these reasons explains why, if the prosecutor did not mean "insufficient evidence," he would not have

13

simply used the language of section 1385 and requested dismissal in furtherance of justice.

Even more importantly, what the prosecutor meant when he used the phrase "insufficient evidence" is not the controlling consideration. What matters is what the trial court intended when it dismissed the allegation.

Section 1385 requires the trial court to state reasons for the dismissal. The court's stated reason for dismissing the allegation "is the strongest evidence of the grounds for the dismissal." (*Mannes*, *supra*, 967 F.2d at p. 1315.) The trial court stated it was dismissing the special-circumstance allegation based on insufficient evidence. There is no authority that the trial court was *required* to state anything more than that to demonstrate its intent to dismiss for insufficiency. The People claim that concluding the use of the phrase "insufficient evidence" demonstrates the trial court found the evidence insufficient as a matter of law would be a "hyper-technical" use of "magic words." The phrase "insufficient evidence" is not "magic words." Rather, it is a legal term of art.[5] And, presuming the trial court intended that legal term of art to carry its ordinary and accepted meaning is not a hyper-technical application of the phrase.

Absent any contrary indication, we must presume the trial judge intended the phrase to carry its accepted, and precise, meaning -- that the evidence presented at the trial was not legally sufficient to support a conviction for the crime charged. There is no contrary indication. Although the trial judge previously denied defendant's motion for acquittal under section 1118.1, that ruling does not act as a bar to later reconsideration by

---

[5] " 'Terms of art are words having specific, precise meaning in a given specialty. Having its origins in Lord Coke's vocabula artis, the phrase term of art is common in law because the legal field has developed many technical words whose meanings are locked tight. . . .' (Garner, Dict. of Legal Usage (3d ed. 2011) p. 883; see also *People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 302.)" (*People v. Gonzales* (2017) 2 Cal.5th 858, 871, fn. 12.)

the trial court of the sufficiency of the evidence. (See *Mannes*, *supra*, 967 F.2d at p. 1315, fn. 5.) The Attorney General has not shown that in stating it was dismissing the case for insufficient evidence, the *trial court* failed to understand the legal import of the words used or that it meant some other words that it did not use. The words "insufficient evidence" were not required to effectuate a dismissal under section 1385. This dismissal being on the People's motion, all that was required was that the dismissal be "in furtherance of justice," with reasons given. (See *People v. Johnson* (2015) 61 Cal.4th 734, 769.) The trial court did not give, or even suggest, any other reason for dismissal. Instead, the court explicitly stated the dismissal was due to insufficient evidence. The most reasonable interpretation of this record is that the court used the specific language of insufficient evidence, given its accepted meaning, to convey that it had weighed the evidence in the light most favorable to the People and found it lacking. That is, that the court knew the legal import of its words and meant what it said. Because the original trial court dismissed the case for insufficient evidence, this dismissal acted as the equivalent of an acquittal and the court properly granted the petition for resentencing under section 1170.95.

## DISPOSITION

The order granting defendant's section 1170.95 petition for resentencing is affirmed.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Hull, J.

15