[No. C036593. Third Dist. Sept. 5, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
DONALD LAROY STEVENS, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

12

COUNSEL

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Rachelle A. Newcomb and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CALLAHAN, J.**—Defendant Donald Laroy Stevens entered a negotiated plea of no contest to one count of evading a police officer (Veh. Code, § 2800.2) and one count of driving with more than 0.08 percent alcohol in his blood (Veh. Code, § 23152, subd. (b)), admitted a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)) and two prior convictions for driving under the influence (DUI), and was sentenced to an aggregate term of four years in prison. On appeal, defendant challenges orders requiring him to pay $400 for the costs of court-appointed counsel and to report to the parole office in Kern County upon his release from prison. For the reasons stated below, we shall modify the judgment and affirm the judgment as modified.

PROCEDURAL BACKGROUND

The facts of the underlying offenses are irrelevant to the issues raised on appeal. In March 2000, while on parole from Kern County, defendant was charged with evading a police officer, driving under the influence of alcohol, and driving with more than 0.08 percent alcohol in his blood. The complaint also alleged defendant had served three prior prison terms and suffered two prior DUI convictions. At his initial arraignment, the court appointed a contract public defender to represent defendant. At that time, defendant signed a form indicating that when his case was concluded the court would hold a hearing to determine whether he had the ability to repay the county for all or a part of his attorney's services.

In May 2000, at the time set for the preliminary hearing, defendant agreed to plead no contest to the first and third counts and to admit the two prior DUI convictions and one prior prison term, in exchange for dismissal of the second count and the two other prior prison term allegations. The probation report recommended that defendant pay a $1,000 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), with a second $1,000 restitution fine suspended pursuant to Penal Code section 1202.45. Although the report formally recommended that the court order defendant to report to the parole office nearest his last legal residence upon his release from prison, the report also suggested that because defendant had committed the instant offenses specifically so that he could be paroled in Butte County, he should instead be paroled in Bakersfield. The probation report contained nothing about whether defendant should be ordered to pay for the services of his attorney.

At a sentencing hearing in September 2000, after sentencing defendant to four years in prison, the court ordered as follows: "Attorney's fees will be in the standard amount of four hundred dollars. You are ordered to pay a restitution fund fine to the State of California in the amount of two hundred fifty dollars. That same amount will be ordered and stayed pending successful completion of your parole which will be for a minimum of three years. [¶] Upon you [sic] release from prison within forty-eight hours of that release you are ordered to report to the parole office in Kern County." Defense counsel did not object to any of these orders.[1]

---

[1]On the issue of attorney fees, the following box is checked on the "Sentencing/Disposition Minute Order": "Counsel advises that $400.00 in expenses have been incurred & Court finds that to be a reasonable sum. The matter is referred to Butte County Collections to determine defendant's ability to pay." In keeping with the transcript of the sentencing hearing, however, the abstract of judgment indicates only the following: "Defendant to pay Public Defender costs of $400.00." Because the minute order appears to contain boilerplate language, we believe the transcript of the sentencing hearing and the abstract of judgment more accurately

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

■ Defendant asserts the trial court erred in ordering him to report to the parole office in Kern County upon his release from prison because the court has no authority to establish conditions of parole, such as the place of parole. The People agree, asserting the trial court had no authority to direct defendant to report to a specific parole office upon his release from prison. For the reasons that follow, we accept the People's concession and find the trial court erred in ordering defendant to report to the parole office in Kern County upon his release.

Penal Code section 3003 dictates that "[e]xcept as otherwise provided in this section, an inmate who is released on parole shall be returned to the county that was the last legal residence of the inmate prior to his or her incarceration." (Pen. Code, § 3003, subd. (a).) The paroling authority (either the Board of Prison Terms or the Department of Corrections) has the authority to decide whether an inmate should be returned to another county. (Pen. Code, § 3003, subd. (b).) No such authority is vested in the court. When the court imposes a determinate prison sentence under Penal Code section 1170, the court is required to "inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period as provided in Section 3000." (Pen. Code, § 1170, subd. (c).) In only one circumstance, however, is the court authorized to direct the defendant to report to a particular parole office. Under subdivision (a)(3) of Penal Code section 1170, when "the amount of preimprisonment credit . . . is equal to or exceeds any sentence imposed pursuant to this chapter, . . . [t]he court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, unless the in-custody credits equal the total sentence, including both confinement time and the period of parole." (Pen. Code, § 1170, subd. (a)(3).)

Here, the trial court ordered defendant to report to the parole office in Kern County. If defendant's presentence credits had equaled or exceeded the

---

reflect the court's actual order in this case. (See *People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152] [when the record is in conflict, the part of the record that is entitled to greater credence will prevail].)

*See footnote, *ante*, page 11.

four-year prison term the court imposed, the court would have been required under subdivision (a)(3) of Penal Code section 1170 to order defendant "to report to the parole office closest to the defendant's last legal residence." Furthermore, the court's order directing defendant to report to the parole office in Kern County might have been proper so long as there was sufficient evidence in the record to support a finding that defendant's "last legal residence" was in Kern County rather than Butte County. In this instance, however, where defendant's presentence credits were less than the prison term the court imposed, the court had no authority to order defendant to report to a parcticular parole office. The choice of county in which defendant is to serve his term of parole following his incarceration is a matter for the paroling authority under Penal Code section 3000.

Accordingly, the trial court erred in ordering defendant to report to the parole office in Kern County upon his release from prison. We shall modify the judgment to strike that aspect of defendant's sentence. Because the abstract of judgment does not reflect the court's order that defendant report to the parole office in Kern County upon his release from prison, no amendment to the abstract is required.

## DISPOSITION

The order directing defendant to report to the parole office in Kern County upon his release from prison is stricken and the judgment is affirmed as modified.

Sims, Acting P. J., and Hull, J., concurred.