Filed 10/5/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DARRELL KEITH VONWAHLDE,<br><br>    Defendant and Respondent. | F069946<br><br>(Super. Ct. No. P14900105)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Brian F. Alvarez, Judge.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, George M. Hendrickson, and Larenda R. Delaini, Deputy Attorneys General, for Plaintiff and Appellant.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Respondent

A defendant is on parole in one case when he or she is sentenced to prison in another case. Does the trial court have authority to terminate parole in the first case? We hold it does not. We further hold the People can appeal an order purporting to do so.

**PROCEDURAL HISTORY**

On May 4, 2010, Darrell Keith VonWahlde (defendant) was convicted in Fresno County Superior Court case No. F09906698 (hereafter the original case) of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), apparently under circumstances involving domestic violence.[2] He was released on parole on October 31, 2013, with supervision scheduled to expire on October 31, 2016. On February 25, 2014, defendant reported to his parole officer with a misdemeanor minute order indicating he was on parole. He was directed to obtain his felony minute order, and return for processing. He failed to return. A warrant was issued for his arrest and, on May 28, 2014, he was "arrested and booked."

On June 26, 2014, a petition for revocation of parole was filed in Fresno County Superior Court case No. P14900105 (hereafter the parole revocation case), alleging defendant violated the conditions of his parole by absconding from parole supervision. The court found probable cause to support revocation and preliminarily revoked supervision. The parole revocation case was continued; defendant was facing new charges in Fresno County Superior Court case No. F14900323 (hereafter the new case).

On July 3, 2014, defendant entered into a plea agreement in the new case. He pled no contest to running a chop shop operation (Veh. Code, § 10801) and admitted having a prior strike conviction and having served a prior prison term. The agreement provided for a stipulated term of five years to run concurrently with the parole revocation case. In

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Because the record on appeal does not contain any additional facts concerning this offense, we dispense with a statement of facts.

2.

exchange, count two and additional prison prior allegations in the new case, and another case in which charges were pending, would be dismissed. The court found defendant in violation, and ordered that defendant's parole remain revoked.

Sentencing in the new and parole revocation cases took place on August 4, 2014. Before sentence was imposed, the following occurred:

> "THE COURT: Let me ask this . . . , with regards to the matter for which he's on parole, is there any need to continue him on parole when it's been stipulated to a five-year term?

> "[DEFENSE COUNSEL]: Our request is that parole be terminated today. Or at the very least, give him credit for time served so that he can be transported as soon as possible to [prison], but he's going to be in custody.

> "[PROSECUTOR]: We'd ask that Parole handle that matter . . . . I don't believe this Court has jurisdiction under . . . [section] 1203.

> "THE COURT: Well, I have a question about that. . . . What's to be gained by having him on parole while he's getting a five-year term in prison according to the stipulation of the parties? Secondly, because the matter's been submitted to the Court through the [L]egislature — through the Penal Code, why isn't this an action that can be dismissed according to 1385 of the Penal Code?

> "[PROSECUTOR]: I understand the Court's position . . . . But the Parole has indicated to me that they . . . stand by the position that they want anyone who's still on parole to remain on parole, . . . whether or not the person has incurred a new . . . commitment or supervisory situation or if he's still on parole. I've also spoken to Presiding Judge Conklin, he's indicated to me that [p]arole is not to be terminated by judicials.

> "THE COURT: That's all fine and well and we're all independent constitutional law officers and I understand his position is that maybe, but I'm just curious as to what's to be gained by having [defendant] on a grant of parole when he's going to be doing five years in prison? [¶] . . . [¶]

> "[DEFENSE COUNSEL]: . . . [W]e stand by our request . . . to terminate parole. . . .

> "THE COURT: Pursuant to 1385?

3.

"[DEFENSE COUNSEL]:  Yes, and he's serving five years with limited time credits because of the prior strike."

The court proceeded to impose the stipulated five-year term in the new case.  This ensued:

"[THE COURT:]  With regards to the parole matter; the Court's thought and comments stand that it serves no good purpose to keep this gentleman on a grant of formal parole.  Noting that the Penal Code itself seems to indicate that the Court has no ability to terminate parole, but also noting that the [L]egislature deems fit to submit these matters to the Court for the purposes of an action for consideration of parole status, revocation hearings, the Court would deem this to be an action pursuant to 1385 and would exercise its discretion under 1385 to terminate parole.  He's to be afforded 180 days of custody credits in that matter.  The reasons in the minutes are that he is receiving a five-year stipulated prison term in [the new] case . . . and as such, in the interest of justice, parole is therefore terminated pursuant to 1385[, subdivision ](a) of the Penal Code."[3]

---

**3** Although the court referred to "[t]he reasons in the minutes," the minute order contains no statement of reasons, but merely provides, "Court orders Parole terminated," "Defendant released on all counts," and "Defendant released on this case only."

At the time the court ruled, section 1385, subdivision (a) provided, in pertinent part:  "The reasons for the dismissal must be set forth in an order entered upon the minutes."  The law was settled that this requirement was mandatory; where the reasons were not set out in the minutes, the dismissal could not be considered as one made under the authority of section 1385, regardless of whether the reasons could be gleaned from the reporter's transcript.  (E.g., *People v. Bonnetta* (2009) 46 Cal.4th 143, 149-152; *People v. Superior Court (Meraz)* (2008) 163 Cal.App.4th 28, 54; *People v. Superior Court (Flores)* (1989) 214 Cal.App.3d 127, 135-136; *People v. Smith* (1975) 53 Cal.App.3d 655, 657.)  Effective January 1, 2015, subdivision (a) of section 1385 was amended to provide in part:  "The reasons for the dismissal shall be stated orally on the record.  The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter."

Because, as we explain, we conclude section 1385 did not authorize the trial court's termination of parole, we need not determine the effect, if any, of the failure to comply with section 1385, subdivision (a) as it stood at the time of the court's ruling. (See *People v. Jones* (2016) 246 Cal.App.4th 92, 96-97.)

The People filed a timely notice of appeal pursuant to section 1238, subdivision (a)(5).

## DISCUSSION

### I

### APPEALABILITY

"The prosecution's right to appeal in a criminal case is strictly limited by statute. [Citation.]" (*People v. Chacon* (2007) 40 Cal.4th 558, 564; accord, *People v. Williams* (2005) 35 Cal.4th 817, 822-823.) "The circumstances allowing a People's appeal are enumerated in section 1238." (*People v. Chacon*, *supra*, 40 Cal.4th at p. 564.) " ' "[C]ourts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature." [Citation.]' [Citation.]" (*In re Anthony* (2015) 236 Cal.App.4th 204, 211.) "Long-standing authority requires adherence to these limits even though . . . 'the People may thereby suffer a wrong without a remedy.' [Citation.]" (*People v. Chacon*, *supra*, 40 Cal.4th at p. 564.)

The People rely on subdivision (a)(5) of section 1238, which permits them to appeal from "[a]n order made after judgment, affecting the substantial rights of the people." Defendant contends the appeal in this case does not fall into this category, because (1) the parole termination order was made under a different case number than the original case in which judgment was pronounced, and (2) no substantial rights possessed by the People were affected by the court's order, since defendant's entire parole period would have run while defendant was serving his prison term in the new case.

The People's appeal is authorized by subdivision (a)(5) of section 1238. The Legislature has decreed that, generally speaking, "[a] sentence resulting in imprisonment in the state prison . . . shall include a period of parole supervision or postrelease community supervision . . . ." (§ 3000, subd. (a)(1).) Although "the period of parole is *not* part of a defendant's prison term" (*People v. Jefferson* (1999) 21 Cal.4th 86, 95),

"parole is a form of punishment accruing directly from the underlying conviction" (*People v. Nuckles* (2013) 56 Cal.4th 601, 609) and is "a direct and, pragmatically, an inexorable penal consequence" thereof (*In re Carabes* (1983) 144 Cal.App.3d 927, 930). Since the parole period fastens to the prison sentence imposed in the underlying criminal case, a superior court's decision to assign parole revocation actions their own case numbers is not controlling. A trial court's order concerning revocation and/or termination of parole remains one "made after judgment." (§ 1238, subd. (a)(5).)

Moreover, substantial rights of the People are affected by an order terminating parole. The Legislature has found and declared "that the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship. It is in the interest of public safety for the state to provide for the effective supervision of and surveillance of parolees, including the judicious use of revocation actions . . . ." (§ 3000, subd. (a)(1).) "[T]he prosecutor's role [is] as representative of the People as a body . . . . 'The prosecutor speaks . . . for all the People.' " (*People v. Eubanks* (1996) 14 Cal.4th 580, 589; accord, *People v. Seumanu* (2015) 61 Cal.4th 1293, 1345.) Accordingly, the prosecution has a considerable interest in the protection of public safety and prevention of recidivism. (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 679; *People v. Beebe* (1989) 216 Cal.App.3d 927, 934.)

" '[I]n order to affect the People's substantial rights an order "must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made." ' [Citations.]" (*People v. Leonard* (2002) 97 Cal.App.4th 1297, 1300.) It is not enough for the order merely to relate to a collateral matter. (*Ibid.*)

Where a sentence in a criminal case is required to include a period of parole, an order cutting that period short is not merely collateral to the underlying criminal case, but rather directly affects the judgment. (See *In re Carabes*, *supra*, 144 Cal.App.3d at pp. 931-932.) It also directly implicates the protection of public safety. It thus affects the

6.

People's substantial rights. (See, e.g., *In re Anthony*, *supra*, 236 Cal.App.4th at pp. 211-212 [§ 1238, subd. (a)(5) authorizes People to appeal orders affecting defendant's sentence or timing of his or her release]; *People v. McGuire* (1993) 14 Cal.App.4th 687, 701 [§ 1238, subd. (a)(5) authorizes People's appeal of order granting defendant bail pending appeal; order releasing convicted felon into society affects enforcement of judgment and implicates People's substantial rights to security]; *People v. Minjarez* (1980) 102 Cal.App.3d 309, 312 [§ 1238, subd. (a)(5) allows People to appeal award of time credits].)

Defendant says the trial court's ruling has "no real-world effect" since defendant will be in prison the entire period of parole. Even if we determined appealability based on the specific facts of a case rather than the nature of the order at issue, we would still find the People's appeal authorized by subdivision (a)(5) of section 1238. There is simply no guarantee defendant will not be released early, particularly given the state of flux in which the state's sentencing laws have been for several years and continue to be. (See, e.g., "the Safe Neighborhoods and Schools Act," added by initiative, Gen. Elec. (Nov. 4, 2014), commonly known as Prop. 47; "Three Strikes Reform Act of 2012," added by initiative, Gen. Elec. (Nov. 6, 2012), commonly known as Prop. 36; "2011 Realignment Legislation addressing public safety" (Stats. 2011, ch. 15) operative Oct. 1, 2011 (hereafter Realignment or the Realignment Act); see also proposed initiative measure Prop. 57, "The Public Safety and Rehabilitation Act of 2016" § 3, at <http://vig.cdn.sos.ca.gov/2016/general/en/pdf/complete-vig.pdf> [as of Oct. 5, 2016].)[4]

---

**4** Having concluded the People's appeal is authorized by subdivision (a)(5) of section 1238, we need not decide whether it is also authorized by subdivision (a)(6) of the statute as "[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed," or whether the People could properly rely on that subdivision in their briefs when it was not included in their notice of appeal. (See *People v. Alice* (2007) 41 Cal.4th 668, 674.)

# II

## AUTHORITY TO TERMINATE PAROLE

Prior to the advent of Realignment, virtually all authority over parole and parolees — including whether a period of parole was to be required; if so, its duration and conditions; and the power to revoke parole — resided in the paroling authority, either the California Department of Corrections and Rehabilitation (CDCR) or the Board of Parole Hearings (formerly known as the Board of Prison Terms). (See, e.g., *In re Lira* (2014) 58 Cal.4th 573, 584; *Department of Corrections & Rehabilitation v. Superior Court* (2015) 237 Cal.App.4th 1472, 1480 (*Department*); *People v. Stevens* (2001) 92 Cal.App.4th 11, 14-15; *People v. McMillion* (1992) 2 Cal.App.4th 1363, 1368; see also §§ 3000.09, 3056, former § 3060.) With Realignment came an enhanced role for superior courts. (*Department*, *supra*, 237 Cal.App.4th at p. 1480.) Now, a person such as defendant, who is released from state prison after serving a prison term for a serious felony as described in subdivision (c) of section 1192.7, "is subject to parole supervision by [CDCR] *and the jurisdiction of the court* in the county in which the parolee is released, resides, or in which an alleged violation of supervision has occurred, *for the purpose of hearing petitions to revoke parole and impose a term of custody*[.]" (§ 3000.08, subd. (a), italics added.)

The question we must answer is whether this vesting of jurisdiction in the superior court gives that court authority to terminate parole. The issue is one of statutory construction, which is subject to our independent review. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1034; see *Department*, *supra*, 237 Cal.App.4th at p. 1475.)

Section 3000.08, subdivision (f) permits the supervising parole agency to petition for revocation of parole, pursuant to section 1203.2, either in the court in the county in which the parolee is being supervised, or in the court in the county in which the alleged violation of supervision occurred. If the court finds the supervised person violated the

8.

conditions of his or her parole, "the court shall have authority to do any of the following: [¶] (1) Return the person to parole supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail. [¶] (2) Revoke parole and order the person to confinement in the county jail. [¶] (3) Refer the person to a reentry court . . . or other evidence-based program in the court's discretion." (§ 3000.08, subd. (f).)

Section 1203.2 in turn describes the general procedure to be followed when a person is subject to parole revocation. It permits the court in the county of supervision or in the county in which the alleged violation of supervision occurred to modify, revoke, or terminate supervision of the person "if the interests of justice so require," either upon rearrest of the person (*id.*, subd. (a)), or upon the court's own motion or upon petition of the supervised person, the parole officer, or the district attorney (*id.*, subd. (b)). Both subdivisions (a) and (b) of the statute provide, however, that "the court shall not terminate parole pursuant to this section."[5]

Neither section 1203.2 nor section 3000.08 expressly precludes the termination of parole pursuant to section 1385. An examination of that statute and its longstanding judicial interpretation convinces us, however, that section 1385 does not apply.

"Section 1385 permits a court, 'in furtherance of justice, [to] order an action to be dismissed.' (*Id.*, subd. (a).) Although the statute literally authorizes a court to dismiss only an entire criminal action, [the California Supreme Court has] held it also permits courts to dismiss, or 'strike,' factual allegations relevant to sentencing, such as those that expose the defendant to an increased sentence. [Citations.] However, the court's power under section 1385 is not unlimited; it reaches only the 'individual charges and allegations in a criminal action.' [Citation.] Thus, a court may not strike facts that need

---

[5]     Sections 1203.2 and 3000.08 were amended, effective January 1, 2016 (stats. 2015, ch. 61, §§ 1, 2), in a manner not material to the issues presented in this appeal.

9.

not be charged or alleged, such as the sentencing factors that guide the court's decisions whether to grant probation [citation] or to select the upper, middle or lower term for an offense [citation]. [Citation.]" (*People v. Lara* (2012) 54 Cal.4th 896, 900-901; see, e.g., *In re Varnell* (2003) 30 Cal.4th 1132, 1137, 1139; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504; see also *People v. Espinoza* (2014) 232 Cal.App.4th Supp. 1, 4-5.)

" 'The *only* action that may be dismissed under . . . section 1385, subdivision (a), is a criminal action or a part thereof.' [Citation.]" (*In re Varnell*, *supra*, 30 Cal.4th at p. 1137.) A period of parole is not a criminal action or a part thereof as contemplated by section 1385. Rather, it is "a form of punishment accruing directly from the underlying conviction." (*People v. Nuckles*, *supra*, 56 Cal.4th at p. 609.) "Although parole constitutes a distinct phase from the underlying prison sentence, . . . "[b]eing placed on parole is a direct consequence of a felony conviction and prison term." (*Ibid.*) It need not be charged or alleged, and "[n]either the prosecution nor the sentencing court has the authority to alter the applicable term of parole established by the Legislature. [Citations.]" (*In re Moser* (1993) 6 Cal.4th 342, 357, fn. omitted.) "Section 1385 does not give the trial court discretion to modify statutorily prescribed consequences of a conviction . . . ." (*People v. Tuck* (2012) 204 Cal.App.4th 724, 731 [trial court lacks authority to strike sex offender registration requirement].)

Defendant's mandatory parole requirement "is not an action, a criminal count, or a factual allegation." (*People v. Tuck*, *supra*, 204 Cal.App.4th at p. 730.) "In the absence of a charge or allegation, there is nothing to order dismissed under section 1385." (*In re Varnell*, *supra*, 30 Cal.4th at p. 1139.) The trial court here erred by purporting to terminate parole, as it lacked the authority to do so.[6]

---

[6]     We express no opinion concerning whether a parole revocation proceeding — as opposed to parole itself — constitutes "an action" within the purview of section 1385, or

Defendant contends the trial court had the authority to terminate parole *supervision*. We agree. This is not what the trial court purported to do, however, and — contrary to defendant's claim — its order terminating parole does not "come[] well within [the] statutory umbrella" of section 1203.2. Accordingly, defendant's reliance on the maxim that " ' "a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason" ' " (*People v. Zapien* (1993) 4 Cal.4th 929, 976; see *People v. Campbell* (1991) 230 Cal.App.3d 1432, 1443) is to no avail.

Similarly futile is defendant's claim that under the unique factual scenario of this case, there is no parole during the period defendant is in prison on the new case. Defendant argues the five-year prison sentence "rendered superfluous any further parole period" and "effectively nullified and terminated" defendant's parole. As a matter of *fact,* defendant may be correct. However, "the sole issue before us is one of statutory construction, a task blind to the [arguably] compelling and unopposed facts presented to the trial court. As a matter of *law* and despite the many good reasons justifying the trial court's order, we must agree with the [People] . . . ." (*Department*, *supra*, 237 Cal.App.4th at p. 1475, italics added.) As a matter of law, the trial court erred.

---

whether a superior court has authority under that statute to dismiss such a proceeding or, for example, factual allegations contained in the parole revocation petition.

## **DISPOSITION**

The order terminating defendant's parole is vacated. The matter is remanded to the superior court with directions to reinstate the parole violation finding and impose a term of custody on the parole violation consistent with the plea bargain made by the parties.

_____
DETJEN, J.

WE CONCUR:


_____
HILL, P.J.


_____
GOMES, J.