Filed 6/28/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BARRY WILLIAM WILEY,<br><br>    Defendant and Appellant. | A154248<br><br>(City & County of San Francisco<br>Super. Ct. No. CT18002539) |

Does Penal Code section 1385[1] authorize a trial court to dismiss a parole revocation petition "in furtherance of justice"? No. The authority to dismiss conferred by section 1385, subdivision (a) is addressed to the criminal charges or allegations in the indictment or information, so we reject defendant Barry Wiley's assertion that the trial court abused its discretion when it declined to dismiss his parole violation petition. We therefore affirm the order revoking Wiley's parole and remanding him to the California Department of Corrections and Rehabilitation (CDCR).

**BACKGROUND**

In 1991 Wiley was convicted of offenses including first degree murder, second degree robbery, and kidnapping. He was sentenced to 26 years to life in prison.

On March 9, 2017, Wiley was released on parole. Between August and November 2017 he violated his parole conditions and the rules of Geo Care Parolee Services Center (Geo Care), his transitional housing and sober living environment program, by drinking alcohol on four occasions. He also failed to register as a sex offender as required under section 290.

---

[1] Further statutory citations are to the Penal Code.

1

On February 11, 2018, Wiley violated parole by returning to Geo Care after his midnight curfew. He had previously been referred to multiple programs for substance abuse and sex-offender treatment, medical and mental health care, and other services, but failed to make use of them. Wiley's parole agent considered intermediate sanctions for the curfew violation such as additional referrals to outpatient or residential treatment facilities but concluded such measures would be insufficient in light of Wiley's poor performance on parole. According to the parole violation report, Wiley's behavior was "destructive to maintaining his sobriety. His less than stellar compliance while on parole supervision has exhausted the multiple service providers that have attempted to provide him the multidisciplinary support, guidance and direction to address his dual diagnosis, [so] it appears that a referral to the Court is appropriate at this time." Wiley's failures to follow Geo Care rules also resulted in his termination from the program.

The Division of Adult Parole Operations filed a parole revocation petition based on three grounds: (1) the curfew violation; (2) Wiley's failure to remain in a transitional housing program and sober living environment for at least six months; and (3) his failure to obey his parole agent's directive to stay out of Golden Gate Park.

After a contested evidentiary hearing the court found that Wiley violated parole by returning to Geo Care after curfew. It found the remaining two allegations were unsubstantiated.

Wiley argued reincarceration was an excessive sanction for the curfew violation and urged the court to dismiss the parole revocation petition in the interest of justice pursuant to section 1385. The court said it did not disagree as a factual matter, but that it lacked the legal authority to dismiss the petition. It explained: "my understanding of Penal Code section 3000.08(h) and the provisions around that and realignment statutes overall is what I said is that—so as to other petitions to revoke parole, the Court has much more authority. And as to lifers, the legislature gave the authority, once there's any violation, essentially, and a petition's been filed and a finding—well, and a petition's been filed and the evidence supports a finding of a violation, that I have to find a violation and return the parolee to CDCR and the jurisdiction of BPH for a determination

2

of how to respond to that violation.  Is that what I want to do?  No.  And, you know, that's on the record.  But it's what I feel like I have to do."

The court revoked Wiley's parole and remanded him to the CDCR's custody. This appeal is timely.

## DISCUSSION

For most parolees, the court may modify or revoke parole upon finding a violation if the interests of justice so require. (§§ 1203.2, 300.08, subd.(f).)  In doing so, the court may order the parolee to serve up to 180 days in jail. (§ 3000.08, subds. (f), (g).)  But when a parolee subject to supervision under section 3000.1 (for murder offenses) or section 3000, subdivision (b)(4) (for certain sex offenses) has violated parole, he or she "shall be remanded to the custody of the [CDCR] and the jurisdiction of the Board of Parole Hearings for the purpose of future parole consideration."  (§ 3000.08, subd.(h).)

Section 1385, subdivision (a) provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  Wiley contends this provision authorized the trial court to dismiss the parole revocation petition, and, therefore, that the court's failure to recognize its power to do so requires reversal and remand for an informed exercise of discretion.  The Attorney General asserts parole revocation proceedings are not "actions" within the meaning of section 1385, and therefore that the order should be affirmed.  The issue is one of statutory construction subject to independent review.  (*People v. VonWahlde* (2016) 3 Cal.App.5th 1187, 1196 (*VonWahlde*).)

*VonWahlde* addressed a closely related issue: whether section 1385 authorizes the trial court to terminate a defendant's parole term when sentencing him in another case. The appellate court concluded it does not.  It explained: " 'Section 1385 permits a court, "in furtherance of justice, [to] order an action to be dismissed." [Citation.]  Although the statute literally authorizes a court to dismiss only an entire criminal action, [the California Supreme Court has] held it also permits courts to dismiss, or "strike," factual allegations relevant to sentencing, such as those that expose the defendant to an increased sentence. [Citations.]  However, the court's power under section 1385 is not unlimited; it reaches

3

only the "individual charges and allegations in a criminal action." [Citation.] Thus, a court may not strike facts that need not be charged or alleged such as the sentencing factors that guide the court's decisions whether to grant probation [citation] or to select the upper, middle or lower term for an offense." (*VonWahlde*, *supra*, 3 Cal.App.5th at p. 1197.) " ' "The *only* action that may be dismissed under . . . section 1385, subdivision (a), is a criminal action or a part thereof." [Citation.]' [Citation.] A period of parole is not a criminal action or a part thereof as contemplated by section 1385. Rather, it is 'a form of punishment accruing directly from the underlying conviction.' " (*Ibid*, quoting *In re Varnell* (2003) 30 Cal.4th 1132, 1137 (*Varnell*).)

The *VonWahlde* court expressed no opinion concerning whether a court may dismiss a parole revocation *proceeding*, as opposed to striking a term of parole, under section 1385. (*VonWahlde, supra,* 3 Cal.App.5th at p. 1198, fn. 6.) Faced squarely with that question, we conclude section 1385 does not apply. Simply put, a parole revocation proceeding is not an "action or a part thereof as contemplated by section 1385." (*Id.* at p. 1197.) A criminal "action" is defined as "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment." (§ 683.) Parole revocation petitions and hearings do not fit within that definition, as they occur *after* the proceeding by which the defendant is brought to trial and punished. "[T]he revocation of parole is not part of a criminal prosecution. . . . Parole arises after the end of the criminal prosecution, including imposition of sentence." (*Morrissey v. Brewer* (1972) 408 U.S. 471, 480, internal citation omitted; see *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 647, disapproved on another point in *People v. DeLeon* (2017) 3 Cal.5th 640, 653 (*Williams*).) Nor can such proceedings plausibly be classified as "part" of an action, which for purposes of section 1385 means "charges or allegations in an indictment or information." (*People v. Hernandez* (2000) 22 Cal.4th 512, 523 [holding sanity proceedings do not constitute an "action" or part thereof for purposes of section 1385, subdivision (a)]; *Varnell, supra*, 30 Cal.4th at p. 1137 [sentencing factors not subject to section 1385 dismissal because they "are not included as offenses or allegations in an accusatory pleading"; *VonWahlde*, *supra*, 3 Cal.App.5th at p. 1197.)

4

The conclusion from these authorities that probation revocation petitions are not actions or parts thereof for purposes of section 1385 is inescapable.

Wiley disagrees. He relies on *People v. Chavez* (2018) 4 Cal.5th 771, 784 (*Chavez*) to argue a parole revocation proceeding is part of a criminal action because "the procedure permits *resumption* of the defendant's 'punishment'." But authorities such as *Varnell* (sentencing factors) and *VonWahlde* (parole) show that the potential to affect punishment does not convert a proceeding into an "action" for purposes of section 1385. *Chavez* says nothing different. There, rather than construing the term "action" in the provision, the Court addressed *when* an action may be dismissed. Specifically, *Chavez* asks whether section 1385 authorizes trial courts to dismiss a criminal action after the defendant has successfully completed probation. (4 Cal.5th at pp. 779, 780.) Under the established principle that section 1385 does not authorize dismissals after a judgment has become final, the Court reasoned that where the trial court suspends imposition or execution of sentence and grants probation there is no final judgment, so it may dismiss the criminal action throughout (although not after) the probationary period. (*Id.* at pp.782-787.) Nothing in any of this suggests a parole revocation proceeding is an "action" subject to dismissal under section 1385.[2]

We understand the trial court's concern about the result dictated by the statutory scheme. Nonetheless, the Legislature's directive is clear, and we are not at liberty to alter it. " 'Courts must take a statute as they find it, and if its operation results in inequality or hardship in some cases, the remedy therefor lies with the legislative authority.'" (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1697.)

## DISPOSITION

The order revoking parole is affirmed.

---

[2] Because we conclude section 1385 does not encompass parole revocation petitions, we do not address Wiley's further contention that no other statutes have eliminated the power to dismiss them.

_____
Siggins, P.J.

WE CONCUR:


_____
Fujisaki, J.


_____
Wiseman, J.*



*People v. Wiley*, A154248

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

Trial Court:                                        San Francisco City & County Superior
                                                    Court


Trial Judge:                                        Honorable Joseph M. Quinn

Counsel:

Randall Conner, by appointment of the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Sara J. Romano, Supervising Deputy Attorney General, Michael G. Lagrama, Deputy Attorney General, for Plaintiff and Respondent.