Filed 8/14/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER SKAGGS,<br><br>        Defendant and Appellant. | A170942<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRPA-<br>2020-36932-1) |

Christopher Skaggs filed a nonstatutory motion to dismiss his parole revocation petition on due process grounds, which the trial court construed as a Penal Code[1] section 1385 motion and denied on the basis that such a motion was procedurally improper.  The court then revoked Skaggs's parole, sentenced him to 90 days in jail, and ordered his parole term to terminate upon release.  On appeal, Skaggs challenges the court's denial of the motion to dismiss and subsequent parole revocation.

We dismiss the appeal as moot as we cannot afford Skaggs any effective relief.  However, we exercise our discretion to resolve the issue of whether the trial court erred in failing to consider the motion to dismiss and conclude the court improperly determined it could not entertain the motion to dismiss.

---

[1] All further undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In 2013, Skaggs pled guilty to two felony violations of the Vehicle Code (Veh. Code, §§ 2800.3, 2800.4) in Mendocino County. In accordance with his negotiated plea, Skaggs was sentenced to nine years and eight months in prison.

In February 2019, Skaggs was released on parole. On December 15, 2020, the Mendocino County District Attorney filed a petition for revocation of parole alleging Skaggs engaged in new criminal conduct, as well as a criminal complaint based on the same conduct. After Skaggs failed to appear for hearings on those matters on December 28, 2020, and January 7, 2021, bench warrants were issued.

On January 29, 2021, Skaggs was arrested in Lake County on the outstanding bench warrants and additional criminal charges stemming from activities in Lake County. Skaggs was convicted of the Lake County offenses and sentenced in May 2021 to three years and eight months in prison.

Skaggs made demands to the Mendocino County District Attorney in June and July 2021 to be brought back to Mendocino County to address the parole revocation proceeding and the related criminal action. In September 2021, Skaggs moved to dismiss both the parole revocation petition and the criminal case pursuant to section 1381, which provides in relevant part that incarcerated defendants with state charges pending against them may demand to be brought to trial on the pending charges and, if the case is not brought to trial within 90 days of giving appropriate notice, may seek dismissal of the case.

On November 2, 2021, the trial court dismissed the Mendocino County criminal complaint pursuant to section 1381. However, the court declined to

dismiss the parole revocation petition on the basis that section 1381 is inapplicable to such proceedings.

In August 2022, Skaggs submitted a motion to dismiss with an attached letter asking the Mendocino County Superior Court to recall the bench warrant in the parole revocation proceeding or order him brought to Mendocino County to "deal with it." The court returned the documents to Skaggs and instructed him to review the November 2, 2021 minute order (which stated section 1381 does not apply to parole revocation proceedings).

In May 2024, there was a further request to recall the Mendocino County bench warrant and place the case on calendar, stating Skaggs's release date from his Lake County sentence was upcoming but the outstanding warrant appeared to affect his release processing. At a hearing on May 17, the district attorney opposed the motion, stating Skaggs would be brought to Mendocino County after the warrant had been served, and the matter was dropped from the court's calendar.

On June 4, 2024, Skaggs filed a nonstatutory motion to dismiss the parole revocation petition on due process grounds, which underlies this appeal. Skaggs argued his right to due process was violated by the failure to have a hearing or resolve the parole revocation matter within a reasonable time despite his repeated requests to do so. He alleged prejudice because he was denied the opportunity to serve his revocation sentence concurrently with his Lake County sentence and remained in custody longer than necessary or permissible.

The motion to dismiss was heard on June 14, 2024. The court "liken[ed]" the motion to a section 1385 motion to dismiss and concluded it could not dismiss under that section on due process grounds. The court reasoned that "[a] parole revocation proceeding is not an action within the

3

purview of . . . section 1385," citing *People v. Wiley* (2019) 36 Cal.App.5th 1063.

Immediately after denying the motion to dismiss, the court held a contested revocation hearing and found Skaggs violated his parole conditions. The court sentenced Skaggs to 90 days in jail, with credit for time spent in custody, and ordered his parole terminated upon completion of the jail term. Skaggs appealed. The parties represent that, during the pendency of the appeal, Skaggs's parole was terminated.

## DISCUSSION

Skaggs's appeal is moot as our resolution of the issues could offer no relief regarding the time he spent in custody or the parole term that has already terminated. (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 (*DeLeon*).) We exercise our discretion to address the propriety of the trial court's failure to entertain Skaggs's nonstatutory motion to dismiss as it is an issue that " 'is likely to recur, might otherwise evade appellate review, and is of continuing public interest.' " (*Id.* at p. 646.)

We agree with the parties that the trial court erred by construing Skaggs's nonstatutory motion to dismiss on constitutional due process grounds as a section 1385 motion, which in turn led the court to incorrectly conclude it lacked authority to grant—or even consider—his motion.

Skaggs did not cite section 1385 anywhere in his motion to dismiss or seek dismissal based on that statute. Rather, Skaggs made clear throughout his motion that it was premised on constitutional due process grounds. Indeed, the motion expressly relied on *Morrissey v. Brewer* (1972) 408 U.S. 471 (*Morrissey*), the seminal Supreme Court case establishing the minimum due process protections for parolees facing revocation while also clarifying that such protections are not equivalent to the "full panoply of rights due a

4

defendant" in a criminal proceeding. (*Id.* at p. 480; see *id.* at pp. 481–489.) The motion also cited *DeLeon,* in which the California Supreme Court reaffirmed that *Morrissey*'s minimum due process requirements continue to apply to state parole revocation proceedings after the 2012 amendments to the parole revocation statutes. (*DeLeon, supra,* 3 Cal.5th at pp. 654–655.) Therefore, the motion was patently based on constitutional due process grounds, not any statutory provision, and the trial court erred by construing it as a section 1385 motion to dismiss.[2] (See, e.g., *People v. Sanchez* (2019) 41 Cal.App.5th 261, 267–268 [magistrate judge's order granting motion for dismissal on constitutional grounds, which "never cited section 1385 or any other statutory basis for relief," could not properly be construed as a dismissal under section 1385].)

To the extent the trial court believed it did not have jurisdiction to entertain a nonstatutory motion to dismiss on constitutional due process grounds in the parole revocation context, that belief was misplaced. (See, e.g., *People v. Ruiz* (2020) 59 Cal.App.5th 372, 377, 379–380 [trial court had jurisdiction to consider motion to dismiss parole revocation petition and related request to transfer supervision from parole to postrelease community supervision premised in part on constitutional due process and equal protection grounds].) Given the clear case law holding that minimum due process protections apply to parolees facing revocation (albeit not the same due process requirements as in a criminal prosecution) (*Morrissey, supra,* 408

---

[2] In reaching this conclusion, we do not question the holding of *People v. Wiley, supra,* 36 Cal.App.5th 1063, that section 1385 does not apply to parole revocation petitions. (*Id.* at p. 1068.) *Wiley* only underscores that the trial court should not have construed the motion to dismiss as arising under section 1385, which the trial court clearly, and correctly, understood to be inapplicable to parole revocation proceedings. (*Ibid.*)

5

U.S. at pp. 481–489; *DeLeon, supra*, 3 Cal.5th at pp. 653–655), we conclude the trial court had jurisdiction to entertain Skaggs's nonstatutory motion to dismiss on constitutional due process grounds alone. (See *Ruiz*, at pp. 379–380.)

We decline Skaggs's invitation to consider his case-specific arguments as to the merits of his due process motion and whether he was prejudiced by the delay in adjudicating his revocation petition. (*DeLeon, supra*, 3 Cal.5th at p. 660 [reviewing court is not "called upon to evaluate whether case-specific prejudice occurred because subsequent events have mooted [appellant's] claim for relief"].)

In sum, the trial court erred by construing Skaggs's constitutional motion to dismiss as a section 1385 motion and denying it on that basis. Rather, the trial court had the authority to consider the motion on the constitutional due process grounds raised therein and should have done so. Nevertheless, because Skaggs has completed his revocation sentence and his parole supervision has terminated during the pendency of his appeal, we dismiss his appeal as moot. (See *DeLeon, supra*, 3 Cal.5th at p. 660.)

## DISPOSITION

The appeal is dismissed as moot.

6

PETROU, J.

WE CONCUR:

TUCHER, P. J.

FUJISAKI, J.

A170942 / *People v. Skaggs*

Trial Court:        Mendocino County Superior Court

Trial Judge:        Hon. Victoria Shanahan

Counsel:

Caroline T. Alexander, County Public Defender, and Michele E. Kemmerling, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Amit Kurlekar, Deputy Attorney General, for Plaintiff and Respondent.